**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AARON L. JONES, | ) | CASE NO.  4:10cv519 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| MUNICIPAL JUDGE DOUGLAS, et al, | ) ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Aaron L. Jones brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants Youngstown, Ohio Municipal Judge Robert Douglas, Jr. and Mahoning County, Ohio Common Pleas Court Judge Maureen A. Sweeney. He alleges that, during his preliminary hearing in municipal court, Judge Douglas violated rights under the Eighth Amendment by requiring an extraordinary high bond. Common Pleas Court Judge Sweeney allegedly allowed perjured testimony and did not follow the Ohio Rules of Evidence resulting in his conviction for aggravated burglary and aggravated robbery. Also, he contends that his indictment is defective. Plaintiff demands that his convictions be overturned and his incarceration be rendered malicious.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454

U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The allegations set forth in the complaint clearly challenge the validity of Plaintiff's conviction and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, [. . .] his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his confinement. *Id*.

Additionally, Judge Robert Douglas, Jr. is a municipal court judge and Judge Maureen A. Sweeney is a common pleas court judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994). No facts have been alleged that reasonably suggest that Defendants acted outside the scope of their official duties. Judges Douglas and Sweeney were definitely acting within the scope of their official duties in presiding over Plaintiff's court case.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1951(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: April 27, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**